IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRENDA MARCELL OWEN,

    Plaintiff,

v.

JEFF GARLAND, JEFF GARBELMAN,
DOUGLAS M. SOAT, and HOWARD
GARTLAND,

    Defendants.

OPINION and ORDER

Case No. 18-cv-951-wmc

---

BRENDA MARCELL OWEN,

    Plaintiff,

v.

TIME COLEMAN, RONALD
OSBORNE, ROGER LEE KRUEGER, JR.,
and BRIAN CHARLGES TARKENTON,

    Defendants.

Case No. 18-cv-968-wmc

---

BRENDA MARCELL OWEN,

    Plaintiff,

v.

BRIAN CHARLES TARKENSON, TIM
COLEMAN, DEB ERICKSON, and
JENNY VASEN,

    Defendants.

Case No. 18-cv-998-wmc

---

BRENDA MARCELL OWEN,

    Plaintiff,

1

v.

DARYL PIERCE, RONALD OSBORNE,
BRIAN CHARLGES TARKENTON, and
DAWN ERICKSON,

    Defendants.

Case No.  18-cv-999-wmc

---

BRENDA MARCELL OWEN,

    Plaintiff,

v.

ELIZABETH A. POI, M.D.,

    Defendant.

Case No.  18-cv-1000-wmc

---

BRENDA MARCELL OWEN,

    Plaintiff,

v.

UNEMPLOYMENT COMPENSATION
DEPARTMENT OF CHILDREN AND
FAMILIES, WORKERS
COMPENSATION, and DANE COUNTY
CHILD SUPPORT,

    Defendants.

Case No.  18-cv-1012-wmc

---

BRENDA MARCELL OWEN,

    Plaintiff,

v.

MADISON COMMUNITY
DEVELOPMENT AUTHORITY,
WISCONSIN MANAGEMENT
COMPANY, INC., REVIVAL RIDGE,

Case No.  18-cv-1013-wmc

NORTHPORT APTS., and PACKER
TOWNHOUSES,

      Defendants.

---

BRENDA MARCELL OWEN,

      Plaintiff,

v.

VOLUNTEER INCOME TAX
ASSISTANCE, H&R BLOCK,
LIBERTY TAX, and LEGAL ACTION
OF WISCONSIN,

      Defendants.

Case No. 18-cv-1040-wmc

---

BRENDA MARCELL OWEN,

      Plaintiff,

v.

TRANSUNION CONSUMER
RELATIONS, EXPERIAN NATIONAL
CONSUMER ASSISTANCE CENTER,
EQUIFAX CREDIT INFORMATION
SERVICES LLC, and STATE
COLLECTION AGENCY,

      Defendants.

Case No. 18-cv-1041-wmc

---

BRENDA MARCELL OWEN,

      Plaintiff,

v.

RONALD OSBORNE, and
BRIAN CHARLES TARKENTON,

      Defendants.

Case No. 19-cv-148-wmc

3

v.

TENANT RESOURCE CENTER, ADRC,
WISCONSIN WORKS/DANE COUNTY
JOB CENTER, and CENTRALIZED DOCUMENT
PROCESSING UNIT,

    Third-party defendants.

---

BRENDA MARCELL OWEN,

    Plaintiff,

v.                                                                                     Case No. 19-cv-365-wmc

WALGREENS,

    Defendant.

---

*Pro se* plaintiff Brenda Marcell Owen has filed eleven proposed civil complaints, in which she appears to be seeking monetary damages from a number of individuals and entities that appear to have been involved in Owen's personal life, her physical and mental health care, and her ability to obtain housing and financial assistance, from approximately 2010 to the present. In each lawsuit, Owen is proceeding without prepayment of the filing fee, and so the court is required to screen her complaints under 28 U.S.C. § 1915(e)(2) to determine whether she may proceed with the proposed lawsuits. Although Owen is held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court must dismiss each lawsuit because her few allegations are insufficient to invoke federal subject matter jurisdiction or satisfy the requirements of Federal Rule of Civil Procedure 8.

OPINION

A federal court is one of limited jurisdiction. Generally, this court may only consider cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts also review complaints to ensure compliance with Federal Rule of Civil Procedure 8, which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, the complaint must provide notice to the defendant of what plaintiff believes they did to violate her rights, and the complaint must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Here, plaintiff's complaints do not sufficiently invoke federal jurisdiction, and in any event, also fail to satisfy Rule 8.

In her lawsuits, Owen invokes this court's jurisdiction under 28 U.S.C. § 1331, intending to proceed against all of the defendants pursuant to 42 U.S.C. § 1983, for violations for various constitutional amendments and federal statutes. However, absent from plaintiff's complaint are *any* allegations that might provide defendants with notice of the nature of her claims against them, or any suggestion that her perceived claims have an arguable basis in law.

In Case No. 18-cv-951-wmc, Owen names as defendants Jeff Garland, Jeff Garbelman, Douglas M. Soat, and Howard Gartland, all of whom appear to be

5

psychologists who Owen has worked with in the past. Owen appears to believe these defendants were involved in her social security claim in some capacity in February of 2018, stating that these defendants were involved in her social security claim "[r]egarding family incest on the street." (Case No. 18-cv-951 (dkt. #1) 4.) She further alleges that she was referred for a mental health examination, and "Integrative psychological consultants" gave approval for someone other than her to handle her income.

In Case No. 18-cv-968-wmc, Owen seeks to proceed against defendants Tim Coleman, Ronald Osborne, Roger Lee Krueger Jr., and Brian Charles Tarkenton. Owen includes few allegations, but the statements Owen does include indicate that the defendants were involved in a court proceeding on July 16, 2016, after which she was jailed. She also states that she sustained injuries on March 14, 2014, as a result of domestic abuse from Tarkenton, and on September 23, 2016, from the domestic abuse of Osborne.

In Case No. 18-cv-998-wmc, Owen also includes Tarkenton and Coleman as defendants, but adds Deb Erickson and Jenny Vasen. Owen's theory in this case appears different; she indicates an intention to sue these individuals under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act. Owen claims that the discriminatory actions occurred between June 7, 2010, and March 1, 2012, although she confusingly also indicates that the defendants are still committing wrongful actions against her. Owen indicates that she was employed at Harmony Living Centers LLC, but she does not allege what type of employment she engaged in, whether the named defendants were employees of that company, or how these defendants were involved in the alleged discrimination. (The court

6

surmises from Owens' other complaints that Tarkenton and Coleman were not employees at Harmony.) Although she checks boxes on the complaint form to indicate that she was discriminated against for being white, female, Lutheran, born in 1974 and having a back/shoulder injury, her sole allegation is that "Brian Charles Tarkenton took care of all my paperwork." (Case No. 18-cv-998 (dkt. #1) 5.)

In Case No. 18-cv-999-wmc, Owen lists four defendants, again naming Osborne, Tarkenton, Erickson, and adding an individual named Daryl Pierce, for events that took place between April 1, 2010, and November of 2018. Owen alleges that she was homeless and Pierce picked her up, took her to a gym so she could shower and go to a grocery store for alcohol, and after she left his car, she does not remember what happened, and she woke up in the Dane County Jail. She states that she was left with a scar on her left wrist. Owen does not explain how the other named defendants were involved.

In Case No. 18-cv-1000-wmc, Owen names as defendants Elizabeth A. Poi, Daniel Staddler, Laura Mendy and Peggy Simpson, who appear to be medical professionals who referred Owen for psychiatric testing. In Case No 18-cv-1012-wmc, Owens names as defendants Unemployment Compensation Appeals Clinic, the Department of Children and Families Office of Legal Counsel, Workers Compensation, and Dane County Child Support Agency. The basis of her claims against these individuals is "fraud," but she has not pled *any* supporting facts implicating these entities.

In Case No. 18-cv-1013, Owen names Madison Community Development Authority, the Wisconsin Management Company, Inc, Revival Ridge, Northpoint

7

Apartments, and Packer Townhouses as defendants. It appears that Owens blames these entities for her homelessness and the domestic abuse she suffered while homeless.

In Case No. 18-cv-1040, Owen names Volunteer Income Tax Assistance, H&R Block, Liberty Tax, and Legal Action of Wisconsin. Owen appears to claim that these entities committed fraud with respect to her taxes, but does not include any actual allegations to support that theory. Relatedly, in Case No. 18-cv-1041, Owens seeks to proceed against Transunion Consumer Relations, Experian National Consumer Assistance Center, Equifax Credit Information Services LLC, and State Collection Agency. Owens claims that, at some unspecified time, these defendants included fraudulent information in her credit reports or to credit reporting agencies.

In Case No. 19-cv-148, Owen brings a third-party complaint, naming Osborne and Tarkenton as defendants and Tenant Resource Center, Aging and Disability Resource Center of Dane County, Wisconsin Works/Dane County Job Center, and Centralized Processing Unit as third-party defendants. Owen identifies the initial complaint filed as a sanction for food stamps, but does not identify the wrongful action taken by any of the named defendants. Finally, in Case No. 19-cv-365-wmc, Owen names Walgreens as a defendant, seeking to proceed against the company for failing to provide her with prescribed medications on unspecified dates.

Owen's complaints in each of these lawsuits are woefully short on allegations. She has not provided specific dates of the alleged wrongful conduct, or even attributed any wrongful conduct to any of the proposed defendants. For that reason, none of these complaints satisfy the minimum notice pleading requirements of Rule 8. Moreover,

although Owens invokes multiple constitutional amendments and filled out the court's complaint form for litigants seeking to sue for violation of their civil rights, none of her purported claims actually suggest she is pursuing a claim under 42 U.S.C. § 1983. To establish liability under § 1983, a civil rights plaintiff must demonstrate that the alleged misconduct (1) was committed under color of state law; and (2) deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harter Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979). Yet Owen has not alleged that *any* of the defendants across these eleven lawsuits took action under color of state law, and thus the court sees no basis for her to proceed against them under § 1983.

More problematic, beyond listing various constitutional amendments, and Title VII, the ADEA and the ADA in Case No. 18-cv-998, Owen has not alleged *any* facts to underpin her purported constitutional or statutory claims.[1] Moreover, none of the defendants were Owen's employer; rather, it appears that Owen's claims derive from multiple abusive relationships and financial hardships she endured for several years while she was dealing with homelessness. Without underestimating the severe and long-lasting consequences of those events, the court sees no possible basis for Owen to pursue a federal claim against any the proposed defendants. For that reason, the court is dismissing these actions, without leave to amend, since any amended pleading would undoubtedly be futile. *See*

---

[1] Nor can the court discern any basis to exercise diversity jurisdiction under § 1332, since Owen has not alleged diversity of citizenship, nor does she include language suggesting that she is pursuing a state law claim.

*Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

ORDER

IT IS ORDERED that

1) Plaintiff Brenda Marcell Owen is DENIED leave to proceed in the above-captioned cases, and these cases are DISMISSED without prejudice for lack of sufficient evidence to establish subject matter jurisdiction and for failing to meet the requirements of Federal Rule of Civil Procedure 8.

2) The clerk of court is directed to close each of these cases.

Entered this 17th day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge